UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE IRON WORKERS'
LOCAL NO. 25 PENSION FUND; IRON
WORKERS' HEALTH FUND OF EASTERN
MICHIGAN; IRON WORKERS LOCAL NO.
25 VACATION PAY FUND; and IRON
WORKERS' APPRENTICE FUND OF
EASTERN MICHIGAN, Trust Funds
Established and Administered Pursuant
to Federal Law,

    Plaintiffs,           CIVIL ACTION NO. 09-13830

   v.                       DISTRICT JUDGE STEPHEN J. MURPHY, III

COOK CONSTRUCTION COMPANY,    MAGISTRATE JUDGE MARK A. RANDON
a Michigan Corporation, HERBERT J.
COOK and HERBERT H. COOK,
individually d/b/a WOLVERINE DECK
& SIDING,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT**
**PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT (DKT. NO. 8)**

This matter is before the Court on Plaintiffs' Motion for Entry of Default Judgment Against Defendants Cook Construction Company, Herbert J. Cook and Herbert H. Cook, individually d/b/a Wolverine Deck and Siding ("Defendants") (Dkt. No. 8). The motion was referred to the undersigned for a hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). Defendants have not appeared in this matter; nor did they file a response to the motion or appear for the hearing on

- 1 -

March 24, 2010. For the reasons set forth below, it is RECOMMENDED that judgment enter on behalf of Plaintiffs against Defendants in the total amount of $18,172.71.[1]

## I. DISCUSSION

Plaintiffs are benefit trust funds, affiliated with the Iron Workers' Local Union No. 25 ("Local 25"), that are established under and administered pursuant to Section 302 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186 and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. On September 29, 2009, Plaintiffs brought suit against Defendants for delinquent fringe benefit contributions required to be paid under the collective bargaining agreement ("CBA") between Local 25 and Defendant Cook Construction Company. To date, Defendants have failed to respond to Plaintiffs' complaint or otherwise defend this matter.

On November 18, 2009, the Clerk entered a default against Defendants for their failure to respond to the summons and complaint in accordance with Fed. R. Civ. P. 55(a). (Dkt. No. 7) Thereafter, on February 11, 2010, Plaintiffs' filed the instant motion for entry of a default judgment. (Dkt. No. 8) The motion was scheduled for hearing on March 24, 2010. However, Defendants failed to appear on the hearing date or otherwise respond to Plaintiffs' motion.[2]

---

[1] A district court in the Sixth Circuit has found that a motion for default judgment is dispositive. *Victoria Secret Stores v. Artco Equipment Co.*, 194 F.Supp.2d 704, 714 (S.D. Ohio 2002) (because motion for default judgment is dispositive, magistrate judge may issue only proposed findings and recommended dispositions.)

[2] The certificate of service attached to Plaintiffs' motion for entry of default judgment indicates that Defendant Cook Construction Company was served with the motion at an address in Garden City, Michigan.

Plaintiffs' seek entry of a default judgment against Defendants for a sum certain – a fixed, calculable amount of contributions owed for the period January 2007 through December 2008 (plus attorney fees, costs, liquidated damages, and a prior unpaid balance) – in the total amount of $18,172.71, pursuant to 29 U.S.C. § 1132. Plaintiffs seek attorney fees and costs of collection in the amount of $1,521.00 under 29 U.S.C. § 1132(g)(2)(D). In support of its request for statutory attorney fees and costs, Plaintiffs' counsel submitted an affidavit (Dkt. No. 8, Ex. B), which the undersigned has reviewed and finds reasonable. Plaintiffs' request for liquidated damages is also required by statute, if provided for in the CBA. 29 U.S.C. § 1132(g)(2)(C)(ii). At the request of the undersigned, Plaintiffs' counsel submitted a copy of the CBA, which provides in Article 17, page 24 as follows:

> P. An Employer who fails or refuses to make required contributions by the 26th of the month as per Section B of this Article, agrees to pay liquidated damages for late payment and the cost of collection resulting from the late payment of contributions. The liquidated damages are based on the length of time such contributions are due, the amount of delinquent contributions, the date payment is actually made, and the administrative expense required to collect the delinquent fringe benefits. Liquidated damages will be assessed against the delinquent Employer at 3% over the prime rate established by Comerica Bank, located in Detroit, Michigan on the date the delinquency first occurs and will be computed for each date the delinquency exits (sic).

Last, Plaintiffs request the addition of an "unpaid balance from prior, unsatisfied payment agreement in the amount of $1,372.46.

The undersigned has reviewed Plaintiffs request for default judgment with Plaintiffs' counsel on the record and is satisfied of the following in accordance with Fed. R. Civ. P. Rule 55(b)(2):

A. that Plaintiffs' claim is for a sum certain;

B.  that the individual defendants are not minors and are not incompetent; and

C.  that Defendants have not appeared personally or by counsel.

## II. RECOMMENDATION

Accordingly, it is RECOMMENDED that the district judge:

A. Enter judgment against Defendants in the total amount of $18,172.71 as these damages are a sum certain and an Affidavit of the amount due has been submitted (Dkt. No. 8, Ex. B);

B. Order that Plaintiffs may, within ten (10) days of entry of this Judgment, move to amend the judgment to include the statutory mandates of U.S.C. §1132(g)(2)(B) and §1132(g)(2)(ii) (statutorily provided interest); and

C. Order that jurisdiction of this matter be retained pending compliance with the court's orders.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless,

by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/Mark A. Randon  
MARK A. RANDON  
UNITED STATES MAGISTRATE JUDGE

Dated: March 25, 2010

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, March 25, 2010, electronically.*

*And a copy sent via first class mail to:*

*Cook Construction Company*
*33375 Brown*
*Garden City, MI 48135*

*s/Melody R. Miles*  
*Case Manager to Magistrate Judge Mark A. Randon*  
*(313) 234-5542*